UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ZOILA ESPERANZA MARQUEZ-
MURILLO,

          Petitioner,

v.

PAM BONDI et al.,

          Respondents.
_____/

Case No. 1:25-cv-1489

Honorable Robert J. Jonker

## **OPINION**

      This is a habeas corpus action brought by a former United States Immigration and Customs Enforcement (ICE) detainee under 28 U.S.C. § 2241. Petitioner was incarcerated at the North Lake Correctional Center in Baldwin, Michigan, when she filed her petition on November 19, 2025. In her § 2241 petition, Petitioner seeks, *inter alia*, a writ of habeas corpus directing Respondents to immediately release Petitioner from custody or a prompt new custody redetermination hearing, and preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner. (Pet., ECF No. 1, PageID.8.)

      In an order entered on November 21, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on November 26, 2025. (ECF No. 5.) Subsequently, on December 4, 2025, Respondents filed a motion to dismiss (ECF No. 7) and a memorandum in support thereof (ECF No. 8). In their motion, Respondents contend that Petitioner's challenge to her immigration detention is moot because Petitioner is no longer in the custody of the United States Department of Homeland Security (DHS), having been

removed to Honduras on November 27, 2025. (Mem. Supp. Mot. Dismiss, ECF No. 8, ECF No. 8, PageID.37.) Petitioner has not filed a response to Respondents' motion to dismiss, and the deadline to do so has expired. For the following reasons, the Court will grant Respondents' motion to dismiss (ECF No. 7) and will dismiss Petitioner's § 2241 petition (ECF No. 1).

## Discussion

### I. Factual Allegations

Petitioner is a citizen of Honduras. (Pet., ECF No. 1, PageID.4.) On December 5, 2018, Petitioner entered the United States, seeking asylum. (*Id.*, PageID.5.)

On February 14, 2025, Petition was taken into ICE custody, and, on May 18, 2025, an immigration judge ordered that Petitioner be removed from the United States. (*Id.*) Petitioner was eventually removed from the United States to Honduras on November 27, 2025. (Patillo Decl. ¶ 4, ECF No. 8-1, PageID.45.)

### II. Motion to Dismiss

Respondents contend that Petitioner's challenge to her detention and her request for release from detention are moot because Petitioner was released from ICE custody when she was removed to Honduras. (Mem. Supp. Mot. Dismiss, ECF No. 8, PageID.40.)

The Supreme Court has held that under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Federal courts may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). In Petitioner's § 2241 petition,

she challenges her continued detention by ICE pending removal, not the legality of her removal. Petitioner, however, was released from ICE detention. The Court, therefore, cannot grant the relief that Petitioner seeks—release from custody. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Petitioner's request for release from detention became moot on November 27, 2025, when she was released from ICE detention. *See Al-Khawalani v. U.S. Dep't of Homeland Security*, No. 2:19-cv-182, 2020 WL 1990965, at *1 (W.D. Mich. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 1986485 (W.D. Mich. Apr. 27, 2020). Petitioner's § 2241 petition, therefore, will be dismissed as moot.

## Conclusion

For the reasons discussed above, the Court will enter an order and judgment granting Respondents' motion to dismiss (ECF No. 7) and dismissing Petitioner's § 2241 petition.[1]

Dated:   January 2, 2026                        /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).